R. D. AND J. H. HANDY v. THE COMMISSIONERS OF HAMILTON COUNTY.

1. An attorney, assigned, by the criminal court, to defend an indigent prisoner, has no right of action to recover the value of his services from the county commissioners.
2. It is the duty of the court to assign counsel for indigent persons; and it is the duty of the attorney, as an officer of the court, to perform such duty, and the county commissioners should allow him a reasonable compensation for such service; but the amount of compensation is discretionary with the board of commissioners.

SPECIAL TERM.—On demurrer to petition.

The allegations of the petition appear in the decision.

*E. P. Norton*, for plaintiffs.

*Ferguson, Long & Bradstreet*, for defendants.

GHOLSON, J. The plaintiffs were assigned as counsel to defend two prisoners, indicted for burglary, in the court of common pleas of Hamilton county. The assignment as counsel was made on the ground that the prisoners were unable to employ counsel, and in pursuance of a law requiring it to be done in such a case. The plaintiffs acted as the counsel of the prisoners, and now claim to recover a fee of $200 for such services. It is stated that the bill for that amount was presented to the county commissioners, and payment refused. To the petition setting forth the above facts there is a demurrer.

The action, on the facts as presented, can only be sustained on the ground of an obligation or duty, imposed either by law or contract, on the part of the county, to pay a reasonable compensation for the services. If the action can be sustained it would devolve upon the court, or a jury under its direction, to assess the value of the services rendered by the plaintiffs.

It is made the duty of the court to assign counsel to prisoners who have no means with which to pay for such aid in

the defense of a criminal charge.    It is the duty of the counsel, who may be assigned, to act.    For that purpose they are officers of the court, and under its control, and while enjoying the rights and privileges of attorneys, they can not properly refuse to perform the duties imposed by law.    Acting, in this respect, as public officers, in analogy to all other cases, it would be reasonable to expect that the law would regulate the mode of compensation.

The only provision found in the law on the subject, appears to have had its origin in some abuse in paying such claims, by the auditor, and to have been intended as a guard, or restriction, as to any future payments.    The auditor is prohibited from auditing, or allowing, any account or bill for such services, until it has been examined and allowed by the county commissioners, and the amount allowed for the services certified.    But can it be supposed that the mode here prescribed for obtaining an allowance of compensation for a service in its nature public, can be disregarded, and that the party can resort to a mode of fixing a compensation as in the case of a transaction between individuals?    It rather appears to me that had no mode been prescribed, had no one been authorized by law to make the allowance, there would have been no remedy.    I am clearly satisfied, that the mode prescribed must be pursued, and the only compensation which can be recovered is that allowed by the county commissioners.

The petition, in this case, only states that the bill, for the services, was presented to the county commissioners, and payment refused.    It is not stated that they were required or refused to make an allowance for the services.    This it would appear to have been their duty to do, the amount to be determined by their discretion, depending on the nature and character of the case, and the amount of the services; with a view, also, to the benign object of the law, the securing aid and protection to the poor and helpless, against what might possibly be an unjust and malicious charge; it being better that ninety-nine guilty should escape than that one innocent man should be unjustly punished.    For this end, competent

counsel should be assigned and adequate compensation allowed.

But had the commissioners refused to make the allowance asked, or any allowance, it would not follow that an action would be the proper remedy. In no view, in my judgment, can the present action be maintained, and the demurrer must be sustained.

Demurrer sustained, and judgment for defendants.